Debtor    CareGivers America Home Health Services, LLC _____    Case number *(if known)* _____
         Name

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of Texas**
          (State)

Case number *(if known):* _____    Chapter    11

☐ Check if this is an
amended filing

<u>Official Form 201</u>

# Voluntary Petition for Non-Individuals Filing for Bankruptcy     04/25

**If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **CareGivers America Home Health Services, LLC** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **N/A** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **20-8167059** |

4. **Debtor's address**

**Principal place of business**

**6900 E. Layton Avenue, Suite 1100 & 1200**
Number      Street

**Denver**    **Colorado**    **80237**
City     State     Zip Code

**Denver**
County

**Mailing address, if different from principal place of business**

Number      Street

City     State     Zip Code

**Location of principal assets, if different from principal place of business**

Number      Street

City     State     Zip Code

5. **Debtor's website** (URL)    https://www.modivcare.com/

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    CareGivers America Home Health Services, LLC                     Case number *(if known)* _____
                Name

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**6216 (Home Health Care Services)**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*
☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the **Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11** (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes    District _____ When _____ Case number _____
                                                                MM/DD/YYYY

         District _____ When _____ Case number _____
                                                                MM/DD/YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes    Debtor    **See Attached Rider 1** _____    Relationship _____

         District _____

         When:    **8/20/2025**
                  MM / DD / YYYY

         Case number, if known _____

| Debtor | CareGivers America Home Health Services, LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in *this* district?**    *Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

| | Number | Street |
|---|---|---|
| | City | State | Zip Code |

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors\***

\*Consolidated for all Debtors.

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☒ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets\***

\*Consolidated for all Debtors.

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities\***

\*Consolidated for all Debtors.

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| Debtor | CareGivers America Home Health Services, LLC | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

- I have been authorized to file this petition on behalf of the debtor.

- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    __8/20/2025__
                        MM/ DD / YYYY

✗   __/s/ Chad J. Shandler__                              __Chad J. Shandler__
       Signature of authorized representative of debtor               Printed name

Title    __Chief Transformation Officer__

**18. Signature of attorney**

✗   __/s/ Timothy A. ("Tad") Davidson II__        Date    __8/20/2025__
       Signature of attorney for debtor                        MM/DD/YYYY

__Timothy A. ("Tad") Davidson II__

__Hunton Andrews Kurth LLP__
Firm name

__600 Travis Street, Suite 4200__
Number                  Street

__Houston__                           __TX__        __77002__
City                                   State       ZIP Code

__(713) 220-4200__                    __taddavidson@hunton.com__
Contact phone                          Email address

__24012503__                    __TX__
Bar number                  State

## RIDER 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "**_Debtors_**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas.  Contemporaneously with the filing of their voluntary petitions, the Debtors are filing a motion with the Court requesting that their chapter 11 cases be consolidated for procedural purposes only and jointly administered.

| Entity Name | Federal Employee Identification Number (EIN) |
| --- | --- |
| ModivCare Inc. | 86-0845127 |
| VRI Intermediate Holdings, LLC | 46-4570913 |
| A & B Homecare Solutions, L.L.C. | 06-1565019 |
| A.E. Medical Alert, Inc. | 56-2348300 |
| ABC Homecare LLC | 47-5312537 |
| All Metro Aids Inc. | 11-2542379 |
| All Metro Associate Payroll Services Corporation | 13-4312222 |
| All Metro CGA Payroll Services Corporation | 47-3753810 |
| All Metro Field Service Workers Payroll Services Corporation | 13-4312220 |
| All Metro Health Care Services, Inc. | 84-1623916 |
| All Metro Home Care Services of Florida, Inc. | 43-2015287 |
| All Metro Home Care Services of New Jersey, Inc. | 77-0612030 |
| All Metro Home Care Services of New York, Inc. | 84-1623899 |
| All Metro Home Care Services, Inc. | 84-1623924 |
| All Metro Management and Payroll Services Corporation | 83-0439830 |
| All Metro Payroll Services Corporation | 11-3353755 |
| AM Holdco, Inc. | 37-1744530 |
| AM Intermediate Holdco, Inc. | 47-1765824 |
| Arsens Home Care, Inc. | 20-2862290 |
| ARU Hospice Inc. | 45-5092171 |
| Associated Home Services, Inc. | 74-2722067 |
| At-Home Quality Care, LLC | 26-1552093 |

| Entity Name | Federal Employee Identification Number (EIN) |
|---|---|
| Auditory Response Systems, Inc. | 02-0442987 |
| Barney's Medical Alert-ERS, Inc. | 27-1724008 |
| California MedTrans Network IPA LLC | 61-1732160 |
| California MedTrans Network MSO LLC | 36-4780748 |
| Care Finders Total Care LLC | 46-2555599 |
| CareGivers Alliance, LLC | 45-5022161 |
| CareGivers America Home Health Services, LLC | 20-8167059 |
| CareGivers America Medical Staffing, LLC | 26-3978350 |
| CareGivers America Medical Supply, LLC | 58-3787187 |
| CareGivers America Registry, LLC | 27-1302162 |
| Caregivers America, LLC. | 33-0993363 |
| Caregivers On Call, Inc. | 16-1737635 |
| CGA Holdco, Inc. | 47-1880444 |
| CGA Staffing Services, LLC | 37-1616908 |
| Circulation, Inc. | 61-1780747 |
| Florida MedTrans Network LLC | 32-0432993 |
| Florida MedTrans Network MSO LLC | 36-4778512 |
| Guardian Medical Monitoring, LLC | 38-3432082 |
| Health Trans, Inc. | 65-0613681 |
| Healthcom Holdings LLC | 82-2311720 |
| Healthcom, Inc. | 37-1285320 |
| Helping Hand Home Health Care Agency Inc | 27-4209787 |
| Helping Hand Hospice, Inc. | 27-1752958 |
| Higi Care Holdings, LLC | N/A |
| Higi Care, LLC | 92-3529673 |
| Higi SH Holdings Inc. | 82-0738014 |
| Higi SH LLC | 38-3931574 |
| Independence Healthcare Corporation | 74-3074366 |
| Metropolitan Medical Transportation IPA, LLC | 20-8998027 |
| MLA Sales, LLC | N/A |
| ModivCare Solutions, LLC | 58-2491253 |
| Multicultural Home Care Inc. | 04-3280270 |
| National MedTrans, LLC | 47-2336925 |

| Entity Name | Federal Employee Identification Number (EIN) |
|---|---|
| New England Emergency Response Systems, Inc. | 02-0432833 |
| OEP AM, Inc. | 81-1260939 |
| Panhandle Support Services, Inc. | 55-0728651 |
| Personal In-Home Services, Inc. | 20-5107362 |
| Philadelphia Home Care Agency, Inc. | 20-1524491 |
| Provado Technologies, LLC | 22-3895026 |
| Red Top Transportation, Inc. | 59-2499262 |
| Ride Plus, LLC | 27-2769684 |
| Safe Living Technologies, LLC | 32-0413522 |
| Secura Home Health Holdings, Inc. | 47-2928880 |
| Secura Home Health, LLC | 47-2908342 |
| Socrates Health Holdings, LLC | 85-4229682 |
| TriMed, LLC | 47-5088596 |
| Union Home Care LLC | 82-3229500 |
| Valued Relationships, Inc. | 31-1274364 |
| Victory Health Holdings, LLC | 87-2147451 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | ) |
|  | ) Chapter 11 |
| CareGivers America Home Health Services, L̇ | ) |
|  | ) Case No. 25-_____(____) |
|  | ) |
| Debtor. | ) |
|  | ) |

<u>**CORPORATE OWNERSHIP STATEMENT**</u>

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Equity Interest Holder | Approximate Percentage of Equity Interests Held |
|---|---|
| CGA Holdco, Inc. | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CareGivers America Home Health Services, L ) | Case No. 25-_____(___) |
|  | ) |  |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## <u>LIST OF EQUITY SECURITY HOLDERS</u>

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the above-captioned debtor and debtor in possession (the "**<u>Debtor</u>**") respectfully represents that the following is the list of holders of the Debtor's sole class of equity or membership interests:

☐    There are no equity security holders or corporations that directly or indirectly own 10% or more  of any class of the Debtor's equity interest.

☒    The following are the Debtor's equity security holders (list holders of each class, showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder):

| Name and Last Known Address of Place of Business of Holder | Kind/Class of Interest | Percentage of Interests Held |
|---|---|---|
| CGA Holdco, Inc.<br>70 East Sunrise Highway, Suite 520<br>Valley Stream, New York 11581 | Shares | 100% |

Fill in this information to identify the case and this filing:

Debtor Name  CareGivers America Home Health Services, LLC

United States Bankruptcy Court for the:     **Southern District of Texas**

                                                                   (State)

Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors     **12/15**

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    Schedule A/B: Assets-Real and Personal Property *(Official Form 206A/B)*

☐    Schedule D: Creditors Who Have Claims Secured by Property *(Official Form 206D)*

☐    Schedule E/F: Creditors Who Have Unsecured Claims *(Official Form 206E/F)*

☐    Schedule G: Executory Contracts and Unexpired Leases *(Official Form 206G)*

☐    Schedule H: Codebtors *(Official Form 206H)*

☐    Summary of Assets and Liabilities for Non-Individuals *(Official Form 206Sum)*

☐    Amended Schedule _____

☒    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☒    Other document that requires a declaration **Corporate Ownership Statement and List of Equity Security Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

                                                  ☒ */s/ Chad J. Shandler*

       **8/20/2025**
       MM/ DD/YYYY                                     Signature of individual signing on behalf of debtor

                                                  **Chad J. Shandler**

                                                  Printed name

                                                    **Chief Transformation Officer**

                                                    Position or relationship to debtor

**UNANIMOUS WRITTEN CONSENT OF
THE APPROVING PARTY OF
EACH COMPANY LISTED BELOW**

August 20, 2025

The undersigned, being (a) all members of the Board of Directors, (b) all members of the Board of Managers, or (c) the sole member, as applicable (in each case, an "<u>Approving Party</u>" and, collectively, the "<u>Approving Parties</u>"), of the following corporations and limited liability companies:

1.   A & B Homecare Solutions, L.L.C, a Connecticut limited liability company;

2.   A.E. Medical Alert, Inc., a Texas corporation;

3.   ABC Homecare LLC, a Connecticut limited liability company;

4.   All Metro Aids, Inc., a New York corporation;

5.   All Metro Associate Payroll Services Corporation, a Delaware corporation;

6.   All Metro CGA Payroll Services Corporation, a Delaware corporation;

7.   All Metro Field Service Workers Payroll Services Corporation, a Delaware corporation

8.   All Metro Health Care Services, Inc., a Delaware corporation;

9.   All Metro Home Care Services of Florida, Inc., a Delaware corporation;

10.  All Metro Home Care Services of New Jersey, Inc., a Delaware corporation;

11.  All Metro Home Care Services of New York, Inc., a New York corporation;

12.  All Metro Home Care Services, Inc., a Delaware corporation;

13.  All Metro Management and Payroll Services Corporation, a Delaware corporation;

14.  All Metro Payroll Services Corporation, a New York corporation;

15.  AM Holdco, Inc., a Delaware corporation;

16.  AM Intermediate Holdco, Inc., a Delaware corporation;

17.  Arsens Home Care, Inc., a Pennsylvania corporation;

18.  ARU Hospice, Inc., a Pennsylvania corporation;

19.  Associated Home Services, Inc., a Texas corporation;

20.  At-Home Quality Care, LLC, a Pennsylvania limited liability company;

21.  Auditory Response Systems, Inc., a New Hampshire corporation;

22.  Barney's Medical Alert-ERS, Inc., a Texas corporation;

23.  California MedTrans Network IPA LLC, a California limited liability company;

24.  California MedTrans Network MSO LLC, a California limited liability company;

US-DOCS\162151598.4

25. Care Finders Total Care LLC, a Delaware limited liability company;

26. CareGivers Alliance, LLC, a Pennsylvania limited liability company;

27. CareGivers America Home Health Services, LLC, a Pennsylvania limited liability company;

28. CareGivers America Medical Staffing, LLC, a Pennsylvania limited liability company;

29. CareGivers America Medical Supply, LLC, a Pennsylvania limited liability company;

30. CareGivers America Registry, LLC, a Pennsylvania limited liability company;

31. Caregivers America, LLC, a Pennsylvania limited liability company;

32. Caregivers On Call, Inc., a Delaware corporation;

33. CGA Holdco, Inc., a Delaware corporation;

34. CGA Staffing Services, LLC, a Pennsylvania limited liability company;

35. Circulation, Inc., a Delaware limited liability company;

36. Florida MedTrans Network, LLC, a Florida limited liability company;

37. Florida MedTrans Network MSO LLC, a Florida limited liability company;

38. Guardian Medical Monitoring, LLC, a Michigan limited liability company;

39. Health Trans, Inc., a Delaware corporation;

40. Healthcom, Inc., an Illinois corporation;

41. Healthcom Holdings LLC, a Delaware limited liability company;

42. Helping Hand Home Health Care Agency Inc., a Pennsylvania corporation;

43. Helping Hand Hospice Inc., a Pennsylvania corporation;

44. Higi Care Holdings, LLC, a Delaware limited liability company;

45. Higi Care, LLC, a Delaware limited liability company;

46. Higi SH Holdings Inc., a Delaware corporation;

47. Higi SH LLC, a Delaware limited liability company;

48. Independence Healthcare Corporation, a Massachusetts corporation;

49. Metropolitan Medical Transportation IPA, LLC, a New York limited liability company;

50. MLA Sales, LLC, an Illinois limited liability company;

51. ModivCare Solutions, LLC, a Delaware limited liability company;

52. Multicultural Home Care Inc., a Massachusetts corporation;

53. National MedTrans, LLC, a New York limited liability company;

54. New England Emergency Response Systems, Inc., a New Hampshire corporation;

55.     OEP AM, Inc., a Delaware corporation;

56.     Panhandle Support Services, Inc., a West Virginia corporation;

57.     Personal In-Home Services, Inc., a West Virginia corporation;

58.     Philadelphia Home Care Agency, Inc., a Pennsylvania corporation;

59.     Provado Technologies, LLC, a Florida limited liability company;

60.     Red Top Transportation, Inc., a Florida corporation;

61.     Ride Plus, LLC, a Delaware limited liability company;

62.     Safe Living Technologies, LLC, a Delaware limited liability company;

63.     Secura Home Health Holdings, Inc., a Delaware corporation;

64.     Secura Home Health, LLC, a Delaware limited liability company;

65.     Socrates Health Holdings, LLC, a Delaware limited liability company;

66.     TriMed, LLC, a Utah limited liability company;

67.     Union Home Care LLC, a Pennsylvania limited liability company;

68.     Valued Relationships, Inc., an Ohio corporation;

69.     Victory Health Holdings, LLC, a Delaware limited liability company; and

70.     VRI Intermediate Holdings, LLC, a Delaware limited liability company;

(each such entity, a "Company" and, collectively, the "Companies"), do hereby consent to, adopt and approve, ratify, and confirm by unanimous written consent, with the same force and effect as if taken at a duly called special meeting of the applicable Approving Parties, and in each case pursuant to and in accordance with, as applicable, (a) the provisions of such Company's (i) certificate of incorporation, articles of incorporation, certificate of formation, certificate of organization or other similar formation documents, as applicable, and (ii) bylaws or LLC Agreement (as defined below), as applicable; and (b) the applicable provisions of (i) the General Corporation Law of the State of Delaware, (ii) the Limited Liability Company Act of the State of Delaware, (iii) the Connecticut Uniform Limited Liability Company Act, (iv) the Texas Business Organizations Code, as amended, (v) the New York Business Corporation Law, (vi) the New York Limited Liability Company Law, (vii) the Pennsylvania Business Corporation Law of 1988, as amended, (viii) the Pennsylvania Uniform Limited Liability Company Act of 2016, as amended, (ix) the New Hampshire Business Corporation Act, (x) the California Revised Uniform Limited Liability Company Act, (xi) the Florida Revised Limited Liability Company Act, (xii) the Florida Business Corporations Act, (xiii) the Michigan Limited Liability Company Act, (xiv) the Illinois Business Corporation Act, (xv) Illinois Limited Liability Company Act, (xvi) the Massachusetts General Laws, (xvii) the Utah Revised Uniform Limited Liability Company Act, (xviii) the Ohio General Corporation Law, and (xiv) any other applicable corporate or business statute, the following resolutions and authorize the taking of all actions contemplated thereby:

**WHEREAS**, reference is hereby made to the operating agreements, limited liability company agreements or other similar governing documents of each Company, as applicable (collectively, the "LLC Agreements", and each an "LLC Agreement");

**WHEREAS**, the Approving Party of each Company has had the opportunity to consult with management and the legal and financial advisors of such Company to fully consider, and has considered, the strategic alternatives available to such Company;

**WHEREAS**, the Board of ModivCare Inc. (the "ModivCare Board") previously delegated to a committee of independent directors of the ModivCare Board (the "Capital Structure Committee") certain responsibilities, powers, and authority to, among other things, (a) review, evaluate, analyze, negotiate, and make recommendations to the ModivCare Board of any advisable changes to ModivCare's capital structure, including all restructuring matters and any matters related to any insolvency or bankruptcy proceeding with respect to ModivCare or any of its subsidiaries (the "Capital Structure Matters") and (b) recommend to the full ModivCare Board what actions, if any, should be taken by the ModivCare Board with respect to any Capital Structure Matters and any such agreements or arrangements proposed to be entered into in connection with or relating to a Capital Structure Matter;

**WHEREAS**, the Capital Structure Committee has, with the assistance of management, legal advisors, financial advisors, and investment bankers of the Companies, considered the liabilities and liquidity of the Companies, the Capital Structure Matters available to the Companies, the strategic alternatives available to them, and the impact of the foregoing on the Companies' businesses, and authorized and recommended to the ModivCare Board and the other Approving Parties that the actions contemplated hereby are desirable and in the best interests of each Company, its respective creditors, and other parties in interest;

**WHEREAS**, the Approving Parties believe that it is advisable and in the best interests of each Company to appoint Chad J. Shandler as its Chief Transformation Officer, with the roles and responsibilities as described in the engagement letter between FTI Consulting, Inc. and ModivCare Inc., dated on or about January 1, 2025 (or any amendments, supplements, or modifications thereto) (the "CTO Engagement Letter"); and

**WHEREAS**, the Approving Party of each Company desires to adopt and approve the following resolutions.

## I.   Commencement of Chapter 11 Cases

**NOW THEREFORE, BE IT RESOLVED**, that the Approving Party of each Company has determined, after consultation with the management and the legal and financial advisors of such Company and upon the recommendation and authorization by the Capital Structure Committee, that it is desirable and in the best interests of such Company, its creditors, and other parties in interest that a petition be filed by such Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and be it further

**RESOLVED**, that any officer or manager of such Company, including the Chief Transformation Officer (each, an "Authorized Officer"), in each case, acting singly or jointly, be, and each hereby is, authorized and empowered, with full power of delegation, to negotiate, execute, deliver, and file in the name and on behalf of such Company, and under its seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders, and other documents in the United States Bankruptcy Court

4

for the Southern District of Texas, Houston Division (the "<u>Bankruptcy Court</u>"), and, in connection therewith, to take and perform any and all further acts and deeds which such Authorized Officer deems necessary, proper, or desirable in connection with such Company's chapter 11 case (the "<u>Chapter 11 Case</u>"), including, without limitation, (a) the payment of fees, costs, expenses, and taxes such Authorized Officer deems necessary, appropriate, or desirable, and (b) negotiating, executing, delivering, performing, filing, and recording any and all additional documents, schedules, statements, lists, papers, agreements, certificates, notices, and instruments (or any amendments, supplements, or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Case of such Company; and be it further

## II.   <u>Transaction Documents</u>

**RESOLVED**, that in connection with each Chapter 11 Case, the Approving Party of each Company has determined, after consultation with the legal and financial advisors of such Company, that it is in the best interests of each Company to enter into a restructuring support agreement (together with any exhibits and other attachments annexed thereto, the "<u>Restructuring Support Agreement</u>") on terms and conditions substantially similar to those set forth in the forms of documents previously provided to the Approving Party of such Company (with such changes as may be approved pursuant to the delegation of authority set forth herein); and be it further

**RESOLVED**, that the Approving Party of each Company hereby delegates to each Authorized Officer the authority to approve the form, terms, and provisions of the Restructuring Support Agreement, and the execution, delivery, and performance thereof and the consummation of the transactions contemplated thereunder by such Company, including, without limitation, the amount of and the making of any payments to be made in connection therewith; and be it further

**RESOLVED**, that any Authorized Officer of each Company, in each case, acting singly or jointly, be, and each hereby is, authorized and empowered, in the name and on behalf of such Company, to cause such Company to enter into, execute, deliver, certify, file and/or record, and perform the obligations arising under, the Restructuring Support Agreement, together with such other documents, agreements, instruments, notices, and certificates as may be required by, or appropriate in connection therewith; and be it further

**RESOLVED**, that any Authorized Officer of each Company, in each case, acting singly or jointly, be, and each hereby is, authorized and empowered, in the name and on behalf of such Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Restructuring Support Agreement, and/or any related documents which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable; and be it further

**RESOLVED**, that each Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and empowered, with full power of delegation, on behalf of and in the name of such Company, to execute, verify and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein), and to amend, supplement or otherwise modify from time to time, all documents reasonably necessary to effectuate the terms of the restructuring detailed in the Restructuring Support Agreement, including without limitation, a

plan of reorganization, disclosure statement, and related documents consistent with the terms of the Restructuring Support Agreement; and be it further

## III.    <u>Debtor-in-Possession Financing</u>

**RESOLVED**, that in connection with the Chapter 11 Case of each Company, the Approving Party of each Company has determined that it is in the best interests of each Company to consummate the transactions under that certain senior secured super-priority debtor-in-possession credit facility consisting of a term loan credit facility in an aggregate principal amount of up to $100 million, to be evidenced by that certain Superpriority Secured Debtor in Possession Credit Agreement, by and among, ModivCare, its subsidiaries party thereto, the lenders and other parties from time to time party thereto, and Wilmington Trust, as administrative agent and collateral agent (together with any exhibits and other attachments annexed thereto, the "<u>DIP Credit Agreement</u>") on terms and conditions substantially similar to those set forth in the form of DIP Credit Agreement previously provided to the Approving Party of each Company (with such changes as may be approved pursuant to the delegation set forth herein), together with certain joinders of third party financing parties to the Restructuring Support Agreement, subject to approval by the Bankruptcy Court, which is necessary and appropriate to conduct the business of the Company (the "<u>DIP Facility</u>"); and be it further

**RESOLVED**, that the Approving Party of each Company hereby delegates to each Authorized Officer of each Company the authority to approve the form, terms, and provisions of the DIP Credit Agreement, including the use of proceeds to provide liquidity for such Company throughout the Chapter 11 Case and such other uses as described in the DIP Credit Agreement, any and all guarantees, security agreements, pledge agreements, other documents or notices evidencing the grant of security, reaffirmations, promissory notes, fee letters, escrow agreements, letters, notices, certificates, documents, and instruments authorized, executed, delivered, reaffirmed, verified, and filed, registered, or recorded in connection with the DIP Facility or that may be necessary, appropriate, desirable, or advisable in connection with the DIP Credit Agreement and the transactions contemplated thereby or otherwise contemplated by the DIP Credit Agreement or by any such other DIP Facility Document (collectively, the "<u>DIP Facility Documents</u>"); and be it further

**RESOLVED**, that any Authorized Officer of each Company, in each case, acting singly or jointly, be, and each hereby is, authorized and empowered, in the name and on behalf of such Company, to cause such Company to enter into, execute, deliver, certify, file, and record, and perform the obligations arising under, the DIP Credit Agreement and any other DIP Facility Document, together with such other documents, agreements, instruments, and certificates as may be required by the DIP Credit Agreement and any other DIP Facility Document, in accordance with the terms thereof; and be it further

**RESOLVED**, that any Authorized Officer of each Company, in each case, acting singly or jointly, be, and each hereby is, authorized and empowered, in the name and on behalf of such Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the DIP Credit Agreement and any other DIP Facility Document and any related documents or instruments which shall, in such Authorized Officer's sole judgment, be necessary, proper, or advisable; and be it further

## IV.    <u>Chief Transformation Officer</u>

**RESOLVED**, that each Approving Party hereby appoints Chad J. Shandler as Chief Transformation Officer (the "<u>CTO</u>") of each Company for which it serves as the Approving Party, and that the CTO shall report to the ModivCare Board; and be it further

**RESOLVED**, that each Approving Party hereby authorizes and approves in all respects (i) the form, terms, and provisions of the CTO Engagement Letter; (ii) the execution and delivery by the Company for which it serves as the Approving Party of the CTO Engagement Letter; and (c) the performance by such Company of its duties and obligations thereunder; and be it further

**RESOLVED**, that the CTO is authorized and empowered to perform all acts and deeds and to execute and deliver all necessary documents on behalf of each Company in accordance with the scope outlined in the CTO Engagement Letter; and be it further

**RESOLVED**, that each Approving Party, acting with respect to its applicable Company hereby authorizes FTI Consulting, Inc. to assign additional personnel to support the CTO and the Companies, to serve in various capacities with the Companies and to perform other services required of the CTO and the Companies pursuant to the CTO Engagement Letter; and be it further

## V.    <u>Retention of Advisors</u>

**RESOLVED**, that in connection with each Company's Chapter 11 Case, any Authorized Officer of each Company, in each case, acting singly or jointly, be, and each hereby is, authorized and empowered, with full power of delegation, in the name and on behalf of such Company, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals which such Authorized Officer deems necessary, appropriate, advisable, or desirable in connection with the Chapter 11 Case and the transactions contemplated thereby (such acts to be conclusive evidence that such Authorized Officer deemed the same to meet such standard); and be it further

**RESOLVED**, it is reaffirmed that the firm of Latham & Watkins LLP is being retained as legal counsel for the Company in connection with the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, it is reaffirmed that the firm of Hunton Andrews Kurth LLP is being retained as legal counsel for the Company in connection with the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, it is reaffirmed that the firm of FTI Consulting, Inc. is being retained to provide the services described herein and in the CTO Engagement Letter in connection with the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, it is reaffirmed that the firm of Moelis & Company LLC is being retained as investment banker for the Company in connection with the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, it is reaffirmed that the firm of Verita Global (previously Kurtzman Carson Consultants, LLC) is being retained as claims, noticing, and solicitation agent in connection with the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

## VI.    Limited Liability Company Agreements

**RESOLVED**, that notwithstanding any provision of any LLC Agreement to the contrary, under no circumstances shall any event of bankruptcy on the part of any Member (as defined in each LLC Agreement) of the applicable Company cause any Member to cease to be a Member of such Company, and upon the occurrence of any such event, such Company shall continue without dissolution; and be it further

**RESOLVED**, that notwithstanding any provision of any LLC Agreement to the contrary, each applicable Company may put into effect and carry out any decrees and orders of the Bankruptcy Court, and may take any action provided or directed by such decrees and orders, in each case without a vote or other consent or approval by any Member of the applicable Company; and be it further

**RESOLVED**, that by executing this written consent, each LLC Agreement is hereby amended to the extent necessary to implement the resolutions of this Section V; and be it further

## VII.    General Authorization and Ratification

**RESOLVED**, that any Authorized Officer of each Company, in each case, acting singly or jointly, be, and each hereby is, authorized and empowered, in the name and on behalf of such Company, to cause such Company to enter into, execute, deliver, certify, file, register, record, and perform, such agreements, instruments, motions, affidavits, rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions that in the judgment of the Authorized Officer shall be or become necessary, proper, advisable, or desirable in connection with the Chapter 11 Case, the Restructuring Support Agreement, and the DIP Credit Agreement or any other DIP Facility Documents, or any of the transactions contemplated by the foregoing; and be it further

**RESOLVED**, that any and all past or future actions taken by any Authorized Officer of each Company in the name and on behalf of such Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, reaffirmed, and approved in all respects; and be it further

**RESOLVED**, that any Authorized Officer of each Company is authorized to place a copy of these resolutions in the official records of such Company to document the actions set forth herein as actions taken by the Approving Party of such Company; and be it further

**RESOLVED**, that for the purposes of these resolutions, the term "Authorized Officer" shall include the Chief Executive Officer, President, Chief Financial Officer, Chief Accounting Officer, Treasurer, General Counsel, Secretary, Assistant Secretary, Chief Transformation Officer, or any Executive Vice President or Vice President, of the applicable Company.

*[Signature Pages Follow]*

IN WITNESS WHEREOF, the undersigned, being (a) all members of the Board of Directors, (b) all members of the Board of Managers, or (c) the sole member, as applicable, of each Company, have executed this written consent as of the date first written above.

**MODIVCARE INC.**, as the sole manager of MODIVCARE SOLUTIONS, LLC

By: _____
Name: L. Heath Sampson
Title:   President, Chief Executive Officer and Chief Financial Office

**MODIVCARE SOLUTIONS, LLC**, as the sole member of PROVADO TECHNOLOGIES, LLC and RIDE PLUS, LLC

By: _____
Name: L. Heath Sampson
Title: President and Chief Executive Officer

[*Signature Page to Unanimous Written Consent*]

_____

L. Heath Sampson

_____

Faisal Khan

<u>Being the board of directors of</u>:

**HEALTH TRANS, INC.**

**RED TOP TRANSPORTATION, INC.**

**CIRCULATION, INC.**

**OEP AM, INC.**

[*Signature Page to Unanimous Written Consent*]

_____

L. Heath Sampson



_____

Faisal Khan

<u>Being the board of directors of</u>:

**HEALTH TRANS, INC.**

**RED TOP TRANSPORTATION, INC.**

**CIRCULATION, INC.**

**OEP AM, INC.**

L. Heath Sampson

<u>Being the director of</u>:

**PHILADELPHIA HOME CARE AGENCY, INC.**

**A.E. MEDICAL ALERT, INC.**

**ASSOCIATED HOME SERVICES, INC.**

**AM INTERMEDIATE HOLDCO, INC.**

**AM HOLDCO, INC.**

**SECURA HOME HEALTH HOLDINGS, INC.**

[*Signature Page to Unanimous Written Consent*]

L. Heath Sampson

Being the director or manager, as applicable, of:

**NATIONAL MEDTRANS, LLC**

**CALIFORNIA MEDTRANS NETWORK MSO LLC**

**CALIFORNIA MEDTRANS NETWORK IPA LLC**

**FLORIDA MEDTRANS NETWORK MSO LLC**

**FLORIDA METRANS NETWORK LLC**

**METROPOLITAN MEDICAL TRANSPORTATION IPA, LLC**

**TRIMED, LLC**

**SECURA HOME HEALTH, LLC**

**CARE FINDERS TOTAL CARE LLC**, as the sole member of each of AT-HOME QUALITY CARE, LLC and UNION HOME CARE LLC

By: _____
Name: L. Heath Sampson
Title:   President

[*Signature Page to Unanimous Written Consent*]

L. Heath Sampson

Being the manager of:

**SOCRATES HEALTH HOLDINGS, LLC**

**CARE FINDERS TOTAL CARE LLC**

**VICTORY HEALTH HOLDINGS, LLC**

L. Heath Sampson

Being the director of:

**VALUED RELATIONSHIPS, INC.**

**AUDITORY RESPONSE SYSTEMS, INC.**

**BARNEY'S MEDICAL ALERT-ERS, INC.**

**NEW ENGLAND EMERGENCY RESPONSE SYSTEMS, INC.**

**HEALTHCOM, INC.**

**VICTORY HEALTH HOLDINGS, LLC**, as the sole member of VRI INTERMEDIATE HOLDINGS, LLC

By: _____

[*Signature Page to Unanimous Written Consent*]

Name: L. Health Sampson
Title: President & Chief Executive Officer

**VRI INTERMEDIATE HOLDINGS, LLC**, as the sole member of SAFE LIVING TECHNOLOGIES, LLC; GUARDIAN MEDICAL MONITORING, LLC; and HEALTHCOM HOLDINGS, LLC

By: _____
Name: L. Health Sampson
Title: President

**HEATHCOM, INC.**, as the sole member of MLA SALES, LLC

By: _____
Name: L. Health Sampson
Title: President

[*Signature Page to Unanimous Written Consent*]

_____

L. Heath Sampson

_____

Chelsey Berstler

_____

Seth Shapiro

Being the board of managers or directors, as applicable, of:

**ARSENS HOME CARE, INC.**

**HELPING HAND HOME HEALTH CARE AGENCY INC**

**MULTICULTURAL HOME CARE INC.**

**CGA HOLDCO, INC.**

**PERSONAL IN-HOME SERVICES, INC.**

**PANHANDLE SUPPORT SERVICES, INC.**

**CAREGIVERS AMERICA, LLC.**

**A & B HOMECARE SOLUTIONS, L.L.C.**

**ABC HOMECARE, LLC**

**CAREGIVERS ALLIANCE, LLC**

**CAREGIVERS AMERICA HOME HEALTH SERVICES, LLC**

[*Signature Page to Unanimous Written Consent*]

**CAREGIVERS AMERICA MEDICAL SUPPLY, LLC**

**CAREGIVERS AMERICA MEDICAL STAFFING, LLC**

**CAREGIVERS AMERICA REGISTRY, LLC**

**CGA STAFFING SERVICES, LLC**

**INDEPENDENCE HEALTHCARE CORPORATION**

**ARU HOSPICE, INC.**

**HELPING HAND HOSPICE, INC.**

_____

L. Heath Sampson

**Signed by:**

*Chelsey Berstler*

BE406322CD974C6...

_____

Chelsey Berstler

_____

Seth Shapiro

<u>Being the board of managers or directors, as applicable, of</u>:

**ARSENS HOME CARE, INC.**

**HELPING HAND HOME HEALTH CARE AGENCY INC**

**MULTICULTURAL HOME CARE INC.**

**CGA HOLDCO, INC.**

**PERSONAL IN-HOME SERVICES, INC.**

**PANHANDLE SUPPORT SERVICES, INC.**

**CAREGIVERS AMERICA, LLC.**

**A & B HOMECARE SOLUTIONS, L.L.C.**

**ABC HOMECARE, LLC**

**CAREGIVERS ALLIANCE, LLC**

**CAREGIVERS AMERICA HOME HEALTH SERVICES, LLC**

**CAREGIVERS AMERICA MEDICAL SUPPLY, LLC**

[*Signature Page to Unanimous Written Consent*]

**CAREGIVERS AMERICA MEDICAL STAFFING, LLC**

**CAREGIVERS AMERICA REGISTRY, LLC**

**CGA STAFFING SERVICES, LLC**

**INDEPENDENCE HEALTHCARE CORPORATION**

**ARU HOSPICE, INC.**

**HELPING HAND HOSPICE, INC.**

[*Signature Page to Unanimous Written Consent*]

_____

L. Heath Sampson


_____

Chelsey Berstler


DocuSigned by:

*Seth Shapiro*

4B3B709011804CA...

_____

Seth Shapiro


Being the board of managers or directors, as applicable, of:

**ARSENS HOME CARE, INC.**

**HELPING HAND HOME HEALTH CARE AGENCY INC**

**MULTICULTURAL HOME CARE INC.**

**CGA HOLDCO, INC.**

**PERSONAL IN-HOME SERVICES, INC.**

**PANHANDLE SUPPORT SERVICES, INC.**

**CAREGIVERS AMERICA, LLC.**

**A & B HOMECARE SOLUTIONS, L.L.C.**

**ABC HOMECARE, LLC**

**CAREGIVERS ALLIANCE, LLC**

**CAREGIVERS AMERICA HOME HEALTH SERVICES, LLC**

**CAREGIVERS AMERICA MEDICAL SUPPLY, LLC**

[*Signature Page to Unanimous Written Consent*]

**CAREGIVERS      AMERICA      MEDICAL STAFFING, LLC**

**CAREGIVERS AMERICA REGISTRY, LLC**

**CGA STAFFING SERVICES, LLC**

**INDEPENDENCE HEALTHCARE CORPORATION**

**ARU HOSPICE, INC.**

**HELPING HAND HOSPICE, INC.**

[*Signature Page to Unanimous Written Consent*]

_____

L. Heath Sampson


_____

Jeffrey Bennett


_____

Thomas S. Denison


<u>Being the board of directors of</u>:

**HIGI SH HOLDINGS INC.**

**HIGI SH HOLDINGS INC.**, as the sole member of
HIGI SH LLC and HIGI CARE HOLDINGS, LLC


By:
Name: Thomas Denison
Title: President and Chief Operating Officer

**HIGI CARE HOLDINGS, LLC**, as the sole
member of HIGI CARE, LLC

By:
Name: Thomas Denison
Title: President and Chief Operating Officer

[*Signature Page to Unanimous Written Consent*]

_____
L. Heath Sampson



_____
Jeffrey Bennett


_____
Thomas S. Denison


<u>Being the board of directors of</u>:

**HIGI SH HOLDINGS INC.**

**HIGI SH HOLDINGS INC.**, as the sole member of HIGI SH LLC and HIGI CARE HOLDINGS, LLC


By:
Name: Thomas Denison
Title: President and Chief Operating Officer

**HIGI CARE HOLDINGS, LLC**, as the sole member of HIGI CARE, LLC

By:
Name: Thomas Denison
Title: President and Chief Operating Officer

[*Signature Page to Unanimous Written Consent*]

_____

L. Heath Sampson


_____

Jeffrey Bennett



_____

Thomas S. Denison


Being the board of directors of:

**HIGI SH HOLDINGS INC.**

**HIGI SH HOLDINGS INC.**, as the sole member of HIGI SH LLC and HIGI CARE HOLDINGS, LLC

By: _Thomas S. Denison_
Name: Thomas Denison
Title: President and Chief Operating Officer

**HIGI CARE HOLDINGS, LLC**, as the sole member of HIGI CARE, LLC

By: _Thomas S. Denison_
Name: Thomas Denison
Title: President and Chief Operating Officer


*[Signature Page to Unanimous Written Consent]*

_____

L. Heath Sampson

_____

Seth Shapiro

Being the board of directors of:

**ALL METRO HOME CARE SERVICES, INC.**

**ALL METRO CGA PAYROLL SERVICES CORPORATION**

**ALL METRO ASSOCIATE PAYROLL SERVICES CORPORATION**

**CAREGIVERS ON CALL, INC.**

**ALL METRO HOME CARE SERVICES OF NEW YORK, INC.**

**ALL METRO FIELD SERVICE WORKERS PAYROLL SERVICES CORPORATION**

**ALL METRO HOME CARE SERVICES OF FLORIDA, INC.**

**ALL METRO HOME CARE SERVICES OF NEW JERSEY, INC.**

**ALL METRO AIDS, INC.**

**ALL METRO PAYROLL SERVICES CORPORATION**

**ALL METRO MANAGEMENT AND PAYROLL SERVICES CORPORATION**

[*Signature Page to Unanimous Written Consent*]

**ALL METRO HEALTH CARE SERVICES, INC.**

_____

L. Heath Sampson

DocuSigned by:

*Seth Shapiro*

4B3B709011804CA...

_____

Seth Shapiro

Being the board of directors of:

**ALL METRO HOME CARE SERVICES, INC.**

**ALL METRO CGA PAYROLL SERVICES CORPORATION**

**ALL METRO ASSOCIATE PAYROLL SERVICES CORPORATION**

**CAREGIVERS ON CALL, INC.**

**ALL METRO HOME CARE SERVICES OF NEW YORK, INC.**

**ALL METRO FIELD SERVICE WORKERS PAYROLL SERVICES CORPORATION**

**ALL METRO HOME CARE SERVICES OF FLORIDA, INC.**

**ALL METRO HOME CARE SERVICES OF NEW JERSEY, INC.**

**ALL METRO AIDS, INC.**

**ALL METRO PAYROLL SERVICES CORPORATION**

**ALL METRO MANAGEMENT AND PAYROLL SERVICES CORPORATION**

**ALL METRO HEALTH CARE SERVICES, INC.**

[*Signature Page to Unanimous Written Consent*]

**Fill in this information to identify the case:**

Debtor name: ModivCare Inc., *et al.*

United States Bankruptcy Court for the Southern District of Texas

Case number (if known):

☐ Check if this is an amended filing

Official Form 204

**Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders**

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | WSFS BANK<br>KEVIN MCGARVEY<br>500 DELAWARE AVENUE<br>WILMINGTON, DE 19801 | KEVIN MCGARVEY<br>PHONE: 610-800-4847<br>EMAIL: KMCGARVEY@WSFSBANK.COM | DEBT | | | | $  228,091,747.26 |
| 2 | LYFT HEALTHCARE INC<br>JENNY CLEMMENS<br>185 BERRY STREET, SUITE 5000<br>SAN FRANCISCO, CA 94107 | JENNY CLEMMENS<br>PHONE: 347-880-2659<br>EMAIL: JCLEMMENS@LYFT.COM | TRADE VENDOR | | | | $  21,654,688.36 |
| 3 | UBER HEALTH LLC<br>CUSTOMER SUPPORT<br>1725 THIRD STREET<br>SAN FRANCISCO, CA 94158 | CUSTOMER SUPPORT<br>EMAIL: BUSINESS-SUPPORT@UBER.COM | TRADE VENDOR | | | | $  8,599,689.95 |
| 4 | HUMANA INC.<br>500 W MAIN ST<br>LOUISVILLE, KY 40202 | PHONE: 502-580-1000<br>EMAIL: BANKRUPTCY@HUMANA.COM | CONTRACT CLAIM | | | | $  5,353,848.35 |
| 5 | AMAZON WEB SERVICES, INC<br>AWS INC.<br>P O BOX 84023<br>SEATTLE, WA 98124-8423 | AWS INC.<br>EMAIL: AWS-RECEIVABLES-SUPPORT@EMAIL.AMAZON.COM | TRADE VENDOR | | | | $  4,975,310.26 |
| 6 | CHEIIS TRANSPORT LLC<br>LORREN COOKE<br>567F SWEETWATER RD<br>FORT WINGATE, NM 87316 | LORREN COOKE<br>PHONE: 505-870-8383<br>EMAIL: CHEISSTRANSPORT@YAHOO.COM | TRADE VENDOR | CONTINGENT, DISPUTED | | | $  2,052,413.19 |
| 7 | SUNSHINE STATE HEALTH PLAN INC.<br>JOHN PRATER<br>CENTENE LEGAL DEPT.<br>7700 FORSYTH BOULEVARD<br>CLAYTON, MO 63105 | JOHN PRATER<br>PHONE: 954-839-1579<br>EMAIL: JPRATER@SUNSHINEHEALTH.COM | CONTRACT CLAIM | DISPUTED | | | $  1,886,543.12 |
| 8 | RANDSTAD NORTH AMERICA LP<br>SAIKIRAN NALLA<br>P O BOX 847872<br>DALLAS, TX 75284-7872 | SAIKIRAN NALLA<br>EMAIL: SAIKIRAN.NALLA@RANDSTADUSA.COM | TRADE VENDOR | | | | $  1,378,658.96 |
| 9 | SOFTSERVE INC.<br>INVOICING DEPARTMENT<br>12800 UNIVERSITY DR<br>STE 410<br>FORT MYERS, FL 33907-5336 | INVOICING DEPARTMENT<br>EMAIL: INVOICE@SOFTSERVEINC.COM | TRADE VENDOR | | | | $  934,824.00 |
| 10 | BASIN INNOVATION GROUP LLC<br>BILLING DEPARTMENT<br>PO BOX 669437<br>DALLAS, TX 75266 | BILLING DEPARTMENT<br>PHONE: 801-781-6117<br>EMAIL: BILLING.PHS@BECKLAR.COM | TRADE VENDOR | | | | $  571,264.25 |
| 11 | MORRIS AND COMPANY<br>DREW KENNY<br>3636 BIRCH STREET STE 210<br>NEWPORT BEACH, CA 92660 | DREW KENNY<br>PHONE: 714-369-3739<br>EMAIL: DKENNY@THINKLLP.COM | TRADE VENDOR | | | | $  553,194.47 |
| 12 | UNITED HEALTHCARE SERVICES INC<br>ARCHANA SHAH<br>PO BOX 860511<br>MINNEAPOLIS, MN 55486-0511 | ARCHANA SHAH<br>PHONE: 763-361-1163<br>EMAIL: ARCHANA.SHAH@UHC.COM | TRADE VENDOR | | | | $  447,498.03 |
| 13 | HOSPITAL TO HOME LLC<br>FINANCE DEPARTMENT<br>2812 EMERYWOOD PKWY<br>STE 105<br>HENRICO, VA 23294-3728 | FINANCE DEPARTMENT<br>PHONE: 804-718-1006<br>EMAIL: FINANCE@HOSPITALTOHOMELLC.COM | TRADE VENDOR | | | | $  445,390.50 |
| 14 | REYNO CAR SERVICE INC<br>RADHAMES MEJIA<br>609 W 175TH ST<br>NEW YORK, NY 10033 | RADHAMES MEJIA<br>PHONE: 212-923-6800<br>EMAIL: RADHAMES@REYNOCARSERVICE.COM | TRADE VENDOR | CONTINGENT, DISPUTED | | | $  424,875.04 |
| 15 | LIFE TECH INC<br>DOV BRAFMAN<br>70 S ORANGE AVE STE 220<br>LIVINGSTON, NJ 07039 | DOV BRAFMAN<br>PHONE: 551-225-0080<br>EMAIL: INFO@LIFERIDE.COM | TRADE VENDOR | | | | $  401,625.91 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 16  CDW DIRECT<br>BILLING DEPARTMENT<br>P.O. BOX 75723<br>CHICAGO, IL 60675-5723 | BILLING DEPARTMENT<br>PHONE: 866-782-4239<br>EMAIL: ACHREMITTANCE@CDW.COM | TRADE VENDOR | | | | $    319,368.31 |
| 17  ELITE HOME CARE LLC<br>ELITE HOME CARE & DAY CENTERS<br>PO BOX 1181<br>SPARTANBURG, SC 29304 | ELITE HOME CARE & DAY CENTERS<br>PHONE: 864-869-8730<br>EMAIL: TRANSPORTATION@ELITEHOMECARESC.COM | TRADE VENDOR | | | | $    305,835.66 |
| 18  GALAXY AMBULANCE LLC<br>EVRIKH ASHUROV<br>110 MAIN ST<br>SOUTH AMBOY, NJ 08879 | EVRIKH ASHUROV<br>PHONE: 732-313-7548<br>EMAIL: GALAXYAMBULANCE@GMAIL.COM | TRADE VENDOR | | | | $    291,357.99 |
| 19  METRO ONE AMBULANCE INC<br>METRO ONE AMBULANCE<br>900 RIVERHILL CIR<br>COLUMBIA, SC 29210-7975 | METRO ONE AMBULANCE<br>PHONE: 719-359-8550<br>EMAIL: INFO@METROLEMS.COM | TRADE VENDOR | | | | $    274,377.33 |
| 20  AM PM MEDICAL TRANSPORTATION COMPANY INC<br>ROSE OGANESYAN<br>7005 N MILBURN AVE SUITE #102<br>FRESNO, CA 93722 | ROSE OGANESYAN<br>PHONE: 559-500-8880<br>EMAIL: AMPM.MTC@GMAIL.COM | TRADE VENDOR | | | | $    243,108.97 |
| 21  SKORI INC<br>RUBEN BALAYAN<br>2819 BURTON AVE, BURBANK CA 91504 &<br>11100 SHELDON ST, SUN VALLEY CA 91352 | RUBEN BALAYAN<br>PHONE: 800-880-0556<br>EMAIL: RBALAYAN@WCAMBULANCE.COM | TRADE VENDOR | | | | $    235,465.95 |
| 22  1800MEDIVAN INC<br>YURI HAMBARDZUMYAN<br>15159 PALMDALE RD<br>VICTORVILLE, CA 92392 | YURI HAMBARDZUMYAN<br>PHONE: 747-200-0001<br>EMAIL: YURI@1800MEDIVAN.COM | TRADE VENDOR | | | | $    232,099.60 |
| 23  ACTIVE SC ONE INC<br>ACTIVE DAY<br>6 NESHAMINY INTERPLEX STE 401<br>TREVOSE, PA 19053 | ACTIVE DAY<br>PHONE: 215-642-6600<br>FAX: 215-642-6610 | TRADE VENDOR | | | | $    230,192.06 |
| 24  HOMECARE SOFTWARE SOLUTIONS LLC<br>BILLING DEPARTMENT<br>PO BOX 780772<br>PHILADELPHIA, PA 19178-0772 | BILLING DEPARTMENT<br>EMAIL: BILLINGADJ@HHAEXCHANGE.COM | TRADE VENDOR | | | | $    224,623.64 |
| 25  PNP GROUP LLC<br>PHILIP PARAGAS<br>625 CENTRAL AVE<br>NEWARK, NJ 07107 | PHILIP PARAGAS<br>PHONE: 973-230-9000<br>EMAIL: PPARAGAS@PHILIPSAMBULANCE.COM | TRADE VENDOR | | | | $    207,370.43 |
| 26  BERHANU ALAZE<br>1107 WARM SPRINGS DR<br>PFLUGERVILLE, TX 78660 | PHONE: 404-566-0966<br>EMAIL: INFO@BESTNEIGHBORTRANSPORT.COM | TRADE VENDOR | | | | $    172,999.19 |
| 27  BROADRIDGE ICS<br>MATRIX TRUST COMPANY<br>MATRIX SETTLEMENT & CLEARANCE SERVICES, LLC<br>PO BOX 416423<br>BOSTON, MA 02241-6423 | MATRIX TRUST COMPANY<br>EMAIL: MATRIXINVOICESERVICING@BROADRIDGE.COM | TRADE VENDOR | | | | $    172,421.85 |
| 28  KDK TRANSPORT COMPANY<br>EDDIE KISER<br>13066 RIVER LN<br>COEBURN, VA 24230-5742 | EDDIE KISER<br>PHONE: 276-337-1823<br>EMAIL: KDKTRANSPORT2@YAHOO.COM | TRADE VENDOR | | | | $    167,990.00 |
| 29  RIDE SOURCE INC<br>SAM SMALL<br>PO BOX 730<br>NORWAY, ME 4268 | SAM SMALL<br>PHONE: 207-890-6715<br>EMAIL: SAMSMALL@WESTERNMAINRENTALS.COM | TRADE VENDOR | | | | $    166,627.95 |
| 30  TRICARE AT INSPIRA LLC<br>ANTHONY MANERI<br>825 NOAHS RD<br>PLEASANTVILLE, NJ 08232-4227 | ANTHONY MANERI<br>PHONE: 609-646-1002<br>EMAIL: ANTHONY.MANERI@TRICARENJ.COM | TRADE VENDOR | | | | $    165,854.90 |